The People of the State of Illinois, Plaintiff-Appellee, v. Bob L. Foster, Defendant-Appellant.

(No. 12928;

Fourth District—October 30, 1975.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (Mike McElvain, of counsel), for appellant.

Richard W. Leiken, State's Attorney, of Eureka (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a jury trial of three consolidated cases before the Circuit Court of Woodford County, defendant Bob L. Foster was found guilty of the offenses of aggravated battery and resisting arrest. After entry of judgments on the verdicts and a sentencing hearing, defendant was given consecutive sentences of 1 to 3 years for aggravated battery and 364 days for resisting arrest. He appeals both the convictions and the sentences but argues only the propriety of his conviction for aggravated battery and the imposition of consecutive sentences.

The defendant and the victim, Curtis Hodel, were the only witnesses to testify to the occurrence giving rise to the aggravated battery charge. Hodel testified that he, accompanied by his 3-year-old son, was driving his automobile on Route 150 in an easterly direction toward his home in Goodfield. A car was following right behind him. The car pulled alongside as if to pass but remained there instead. After a while, this second vehicle cut sharply in front of Hodel's car, and its brakes were applied causing Hodel to stop suddenly. This sudden stop caused Hodel's son to be thrown from the back to the front seat. Both cars were parked in the east traffic lane. Hodel got out and asked the other driver what he was trying to do. Without speaking, the other driver kicked at Hodel and hit him with a beer bottle which broke on impact. Hodel's eye was cut slightly and was shut for a few days. Hodel's black eye was still somewhat visible at the time of trial.

Defendant testified that he had been drinking all afternoon prior to the occurrence and was also driving home. He stated that he became angry when Hodel drove ahead of him at a "Y" intersection. Subsequently the cars were stopped along the road. Defendant got out of his car. He admitted that he had a beer bottle in his hand at this time but said that he dropped it on the pavement. He contends that a fight then ensued and that he thought that he hit Hodel once in the mouth.

Section 12—4(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(a)) provides:

> "A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery."

The indictment upon which defendant was convicted of aggravated battery originally charged him with that offense in that he, "in committing a battery, intentionally, and without legal justification hit said Curtis Hodel in the face with a beer bottle, thereby causing great bodily harm to Curtis Hodel in violation of Paragraph 12—4a, Chapter 38, Illinois Revised Statutes."

On the day of trial and over defendant's objection, the prosecution

was permitted to amend the indictment by interlineation by inserting between the words "a" and "beer" the words "deadly weapon a" and deleting the word "great" before the phrase, "bodily harm". Although the reference to "Paragraph 12—4a, Chapter 38" was not changed the case was tried on the theory that, after the amendment, the defendant was charged with a violation of section 12—4(b)(1) of the Criminal Code which defines the type of aggravated battery which consists of the commission of a battery by one using a deadly weapon.

Had the defendant hit the victim only with his fists and not with a deadly weapon, he would be guilty, at most, of the offense of battery as defined by section 12—3 of the Criminal Code. Such offense is obviously an included offense of aggravated battery by use of a deadly weapon. Defendant tried to raise the issue that he was guilty, if at all, only of the included offense by tendering an instruction defining the offense of battery and an issues instruction as to that offense. He also submitted a form of verdict to be used by the jury if it found the defendant guilty only of battery. All were refused by the court. Defendant contends that the refusal to submit this issue to the jury was reversible error. We agree and reverse and remand for a new trial as to this charge.

■■ A defendant is entitled, upon his request, to have the jury instructed as to an included offense if there is evidence in the record which, if believed by the jury, would reduce a crime to the included offense. (*People v. Handley*, 51 Ill.2d 229, 282 N.E.2d 131; *People v. Canada*, 26 Ill.2d 491, 187 N.E.2d 243.) Here the defendant said that he did not hit the victim with the bottle, that he and the victim were trading punches, and that he thought he hit the victim in the mouth. Although defendant was admittedly intoxicated at the time of the incident and his testimony was conjectural, the jury could have believed that the injury to the victim occurred by a hitting with the fist rather than with the bottle. The issue of the included offense should have been submitted to the jury.

■■ Defendant also maintains that the court erred in allowing amendment to the indictment on the day of trial and over his objection. He does not contend that the variance between the type of battery defined in the indictment and the statutory citation set forth therein was error. In the absence of prejudice to a defendant, such a variance is not fatally defective (*People v. Greenwood*, 115 Ill.App.2d 167, 253 N.E.2d 72). Rather, he contends that the amendment was of a substantive rather than a "formal" nature. Prior to the enactment of section 111—5 of the Code of Criminal Procedure (Ill. Rev. Stat. ch. 38, par. 111—5) indictments could not be amended. That section permits amendments to remedy "formal defects" including certain such defects listed there. The defect remedied by the amendment here is not one of those listed. The list is

not exclusive, however. (*People v. Jones*, 53 Ill.2d 460, 292 N.E.2d 361.) In *People v. Coleman*, 49 Ill.2d 565, 276 N.E.2d 721, an amendment to a murder indictment adding allegations of further alternate means of killing the victim was held to be permissible. There, the court noted that section 111—5(f) of the Code of Criminal Procedure permits amendments to cure formal defects arising from the use of "alternative or disjunctive allegations as to the acts, means, intents or results charged." In rejecting the technicalities of former law, the court stated:

> "Since the overt act of intentionally taking his wife's life is the gist of the offense, the amendment to the allegation as to the means used does not charge a different crime nor raise the possibility that defendant may twice be tried for the murder of his wife." 49 Ill.2d 565, 571, 276 N.E.2d 721, 724.

In *People v. Jones*, 53 Ill.2d 460, 292 N.E.2d 361, an amendment to an indictment which changed the name of the alleged victim of an armed robbery was held to be permissible even though the name of the victim, if known, is a necessary element of an armed robbery charge. The court noted that the purpose of grand jury indictments no longer was to inform defendants of the particulars because that could be done by discovery; nor to define the offense to protect against double jeopardy because that can be accomplished by resort to the entire record of the case. The court then stated:

> "The primary safeguard of indictment by grand jury, which remains secured to criminal defendants, is to protect individuals from the caprice of the public prosecutor. 'The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.' *Stirone v. United States* (1960), 361 U.S. 212, 218, 4 L Ed.2d 252, 257, 80 S.Ct. 270, 273." 53 Ill.2d 460, 464, 292 N.E.2d 361, 363.

In the case under consideration, as in *Coleman*, the amendment added allegations as to the means used to perform the act charged. By deleting the word "great" before the phrase "bodily harm," the amendment also reduced the severity of the damage alleged to have resulted from the claimed wrongful act. The indictment as amended still charged the offense of aggravated battery but the type of that offense alleged was changed from that arising under section 12—4(a) to that defined by section 12—4(b). Under our decision in *People v. Bratcher*, 29 Ill.App. 3d 202, 330 N.E.2d 297, the permissible imprisonment that could be imposed upon conviction was thus reduced from 1 to 10 years to 1 to 5 years.

In *People v. Hadley*, 20 Ill.App.3d 1072, 314 N.E.2d 3, a defendant

was charged under section 12—4(b)(1) but, without objection by defendant, the jury was instructed as to the offense charged with reference to section 12—4(a). In affirming a conviction, this court noted that the defendant was sentenced under the lesser penal provisions of section 12—4(b) and was thus not prejudiced. The 1- to 3-year sentence imposed here was likewise within the lesser limits of section 12—4(b) and thus imposed no prejudice upon defendant.

■■ In addition to objecting to the prosecution's motion to amend, defense counsel moved for a continuance which was denied. Since we rule that the aggravated battery conviction must be reversed and the cause remanded for new trial as to that charge, we need not determine whether the court was in error in denying the motion for continuance. Any question of surprise to defendant is now moot. We need only rule as to whether the indictment as amended may stand. An amendment which adds a means used to commit an offense and reduces the severity of the damage alleged to be done does not put the accused at the "caprice of the public prosecutor." The indictment, as amended, may properly stand upon retrial.

The reversal of the aggravated battery conviction makes unnecessary a ruling as to the propriety of the consecutive sentence. For future guidance, however, we note that section 5—8—4(b) of the Unified Code of Corrections states as follows:

> "The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b).

The foregoing indicates that consecutive sentences should be imposed sparingly.

The conviction and sentence for resisting arrest are affirmed. The conviction and sentence for aggravated battery are reversed and the case is remanded to the Circuit Court of Woodford County for a new trial as to the aggravated battery charge.

Affirmed in part, and reversed and remanded for a new trial in part.

SIMKINS, P. J., and CRAVEN, J., concur.