THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH A. ZADEL, Defendant-Appellant.

First District (3rd Division)   No. 77-1317

Opinion filed March 28, 1979.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and J. Jonathan Regunberg, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant Kenneth Zadel pleaded guilty to armed robbery and was sentenced to a term of seven years and a day. The trial court judge

ordered that the sentence is to be served consecutive to a sentence for life imprisonment which the defendant is serving in New Jersey. The defendant contends on appeal that the judge improperly ordered that his sentence be served consecutive to the New Jersey sentence. We agree.

The defendant entered the plea of guilty to armed robbery on June 22, 1970. The judge accepted the plea and continued the case for sentencing until July 9, 1970. However, the defendant failed to appear on the latter date, and the case was stricken with leave to reinstate.

Defendant fled to Canada where he remained for five years until 1974 when he was extradicted to New Jersey. In New Jersey, defendant was convicted of a murder which he committed in 1966 and, as a result, he was sentenced to life imprisonment. Defendant was then extradicted to Illinois on the armed robbery charge and on a bail-jumping charge which was subsequently dismissed.

It was agreed that the armed robbery case should continue where it left off in 1970. At the continued hearing in aggravation and mitigation, counsel for the State introduced defendant's prior criminal conviction. He also advised the court that the defendant would first be eligible for parole in New Jersey in 1988. In conclusion, he recommended that the plea agreement made in 1970 be followed, but that the sentence be consecutive to the New Jersey sentence. The defendant argued that the sentence should run concurrently with the New Jersey sentence. He pointed out that he had found "an entirely new way of life" in Canada where he married and had a family. He was steadily employed for five years, whereas prior to going to Canada, he had never worked more than three months at any job. Defendant also claimed that he continued to show signs of rehabilitation, as evidenced by documents from New Jersey prison officials which classified him as a model inmate, praised him for saving a prison official from personal injury during a prison riot and noted his position as coordinator of the college prison program. At that time, defendant was close to earning the equivalent of a junior college degree.

On November 1, 1976, the court sentenced the defendant to a term of seven years and one day and ordered that the sentence be served consecutive to the 1975 New Jersey sentence. The defendant is appealing from the order sentencing him.

Defendant contends that the trial court erred in ordering that the Illinois sentence be served consecutive to the life sentence he was then serving in New Jersey. Section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b)) provides guidelines for the trial court to follow when determining whether a consecutive sentence should be imposed:

> "The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the

history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record."

Consecutive sentences should be imposed sparingly. (*People v. Foster*, 32 Ill. App. 3d 1009, 1013, 337 N.E.2d 90, 94 (1975); *People v. Meints*, 41 Ill. App. 3d 215, 221, 355 N.E.2d 125, 130 (1976).) If the trial judge improperly finds that a consecutive term is necessary to protect the public, a reviewing court may order that the sentences be served concurrently. *People v. Pace*, 34 Ill. App. 3d 440, 447, 339 N.E.2d 785, 791 (1975); *People v. Reno*, 17 Ill. App. 3d 348, 351, 308 N.E.2d 3, 6 (1974).

Under the life sentence, the defendant will not be released from prison until the New Jersey authorities determine that he is rehabilitated. The earliest possible date at which he will be eligible for parole will be in 1988. Thus, defendant will spend the full term of his seven-year sentence in New Jersey. In fact, defendant will be required to stay in the New Jersey prison for a longer time than his seven-year sentence, and he may be there much longer depending on his behavior and rehabilitation. To ask that he be required to return to Illinois to serve an additional sentence after New Jersey has determined that he is rehabilitated is contrary to the administration of justice and the guidelines set forth for sentencing in the Unified Code of Corrections. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b).

One of the purposes of the Unified Code of Corrections is the restoration of offenders to useful citizenship. (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—2(d).) Here defendant has evinced a change in life-style and a desire to restore himself as a useful citizen. While in Canada, he married, had a son, and was steadily employed. While serving his sentence in New Jersey, the defendant was classified as a model inmate and pursued a formal education. He also received numerous commendations.

Plainly, the record in this case does not support the conclusion that a consecutive sentence is required to protect the public from further criminal conduct by the defendant. The trial-court judge, therefore, improperly ordered that the defendant's sentence for armed robbery be served consecutive to the sentence for life imprisonment in New Jersey. The sentence should be served concurrently with the New Jersey sentence.

Accordingly, under Supreme Court Rule 615, the sentence for armed robbery is modified to run concurrently with the sentence for murder.

Sentence modified.

SIMON, P. J., and McNAMARA, J., concur.