(No. 66166.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN O'NEAL, Appellee.

*Opinion filed November 21, 1988.*

292

MILLER, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Terence Madsen, Assistant Attorney General, of Chicago, and Kenneth T. McCurry and Vickie E. Voukidis, Assistant State's Attorneys, of counsel), for the People.

Paul P. Biebel, Jr., Public Defender, and Kendall Hill, Assistant Public Defender, of Chicago, for appellee.

JUSTICE STAMOS delivered the opinion of the court:

The defendant, John O'Neal, was indicted in the circuit court of Cook County, tried by a jury, and convicted

of murder, rape and aggravated kidnapping. He was sentenced to terms of 40 years for murder, 20 years for rape, and 15 years for aggravated kidnapping. The term of imprisonment for aggravated kidnapping was to run concurrently with the term for rape, and those terms were to run consecutively to the term of imprisonment for murder. In a Rule 23 order (107 Ill. 2d R. 23), the appellate court reversed and remanded defendant's conviction for murder, based on the trial court's refusal to submit defendant's tendered instruction on voluntary manslaughter. *People v. O'Neal* (1984), 122 Ill. App. 3d 1158 (unpublished order under Supreme Court Rule 23).

This court affirmed the reversal of the murder conviction. (*People v. O'Neal* (1984), 104 Ill. 2d 399.) Upon retrial, a jury convicted the defendant of murder. After hearing evidence in aggravation and mitigation the defendant was sentenced to a term of 40 years for murder, to run consecutively to the previous sentences for rape and aggravated kidnapping. In a Rule 23 order (107 Ill. 2d R. 23), the appellate court affirmed the murder conviction but modified the sentences to run concurrently rather than consecutively. (162 Ill. App. 3d 1165 (unpublished order under Supreme Court Rule 23).) We allowed the State's petition for leave to appeal. 107 Ill. 2d R. 315.

The sole issue is whether the appellate court erred in modifying the trial court's imposition of sentence from consecutive to concurrent terms.

The facts of this case are adequately set forth in both appellate court orders and in *People v. O'Neal* (1984), 104 Ill. 2d 399, and will be briefly stated here.

On November 29, 1981, the victim was driving her boyfriend home following an evening spent at her mother's house watching television. When she was about to drop her boyfriend off at his home, two armed men, the defendant and Robert Hendricks, approached the car.

The victim testified that the defendant and Hendricks suddenly opened the front doors to the car and forced themselves into the car at gunpoint. Hendricks ordered the boyfriend to get into the backseat of the car with the defendant and directed the victim to slide over to the passenger side. Hendricks drove around for about one-half hour before pulling into an alley, where he parked the car. First, the gunmen ordered the boyfriend out of the car. Then, they ordered the victim to get out of the car and forced her to open the trunk. The defendant locked the victim's boyfriend in the trunk.

The victim and both gunmen returned to the car, and Hendricks proceeded to drive around for two to three minutes before stopping in another alley. The defendant pulled the victim into the backseat of the car and raped her.

Hendricks and the defendant changed places. Hendricks removed his jacket, in which he had placed his gun and wallet, and placed it on the floor. While Hendricks was positioned on top of the victim, the defendant shot Hendricks in the head.

The defendant removed some money from Hendricks' wallet and ran from the car. He immediately returned to the car, grabbed Hendricks' gun and ran away again. After he was gone, the victim pushed Hendricks' body off her and released her boyfriend from the trunk.

Her boyfriend wanted to call the police immediately, but the victim refused because she was too upset and frightened to talk to the police. Instead, they dropped Hendricks' body in an alley and drove to the home of the victim's sister, who phoned the police. The victim and her boyfriend gave statements to the police, and the victim was transported to a hospital for medical treatment. The defendant was arrested one month later.

The defendant's testimony differed from the victim's. He testified that he, Hendricks, and another man in-

tended to rob the victim and her companion. The third man apparently left the scene before the victim and her boyfriend were approached.

As the boyfriend was getting ready to get out of the car, Hendricks, holding a gun, opened the door on the driver's side. The defendant, also holding a gun, ordered the boyfriend back into the car. Hendricks drove the car into an alley and stopped. Hendricks and the defendant placed the boyfriend in the trunk of the car. Hendricks ordered the defendant to rape the victim. However, before the defendant could do so, Hendricks changed his mind and decided to be the first to rape her. As Hendricks was raping the victim, defendant reached for the gun that Hendricks placed under the seat. When Hendricks saw this, he grabbed the defendant by the arms and attempted to pull the defendant into the backseat. The defendant shot Hendricks in self-defense.

The defendant testified that he was afraid of Hendricks. He had met Hendricks one month prior to this incident. During this time, Hendricks forced the defendant to participate in several robberies and a purse snatching. On two occasions, Hendricks forced the defendant, at gunpoint, to perform deviate sexual acts upon him. Hendricks threatened the defendant's life and the lives of defendant's family if defendant told anyone about the incidents. Defendant stated that he had been warned prior to the incident at issue that Hendricks had a reputation for violence.

As indicated earlier in this opinion, the jury convicted defendant of murder. After hearing evidence in aggravation and mitigation, the trial court sentenced defendant to 40 years' imprisonment for murder, to run consecutively to the terms of imprisonment for rape and aggravated kidnapping.

On appeal, the appellate court affirmed defendant's murder conviction but modified the terms of imprison-

ment because the record revealed that based on the defendant's age, background, family history, and a lack of significant past criminal behavior, defendant's sentences should be modified to run concurrently rather than consecutively.

Citing *People v. Perruquet* (1977), 68 Ill. 2d 149, and *People v. Perez* (1983), 115 Ill. App. 3d 446, the People argue that the appellate court summarily modified defendant's sentence without first determining that the trial court abused its discretion. We disagree.

Before imposing the lengthy consecutive sentences, the trial court acknowledged the evidence in aggravation and stated:

> "This defendant exhibited, according to his own testimony, he was a career and casual armed robber. He exhibited in this case a savage disposition. He combined here several of the most violent crimes known to the social order, and after he had kidnapped and raped this helpless woman in a diabolical scheme, he shot, murdered and robbed his partner in crime, all very much in keeping with the disposition as a career armed robber that he admits to."

While evidence in mitigation was also presented, the trial court did not address it.

Sentencing judges are vested with wide discretion so that reasoned judgments as to the penalty appropriate to the particular circumstances of each case can be accomplished. (*People v. Hillenbrand* (1988), 121 Ill. 2d 537, 566, citing *People v. Younger* (1986), 112 Ill. 2d 422, 427.) However, that discretion is not unfettered.

Reviewing courts have the power and authority under Supreme Court Rule 615(b)(4) (107 Ill. 2d R. 615(b)(4)) to reduce a sentence imposed by the trial court. In a line of cases, this court has consistently held that the imposition of sentence is a matter of judicial discretion and the standard of review to determine whether a sentence is

excessive is whether the trial court abused that discretion. (*People v. Younger* (1986), 112 Ill. 2d 422, 427; *People v. La Pointe* (1981), 88 Ill. 2d 482, 492.) The reasoning is, of course, that the trial court is in the best position to consider, *inter alia*, credibility, demeanor, general moral character, mentality, social environment, habits and age. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154.) However, the mere fact that the trial court has a superior opportunity to make a determination concerning final disposition and punishment of a defendant does not imply that a particular sentence imposed is always just and equitable. See, *e.g., People v. Harpole* (1968), 97 Ill. App. 2d 28; *People v. Grigsby* (1966), 75 Ill. App. 2d 184.

Accordingly, a reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate sentencing factors differently. (*People v. Cox* (1980), 82 Ill. 2d 268, 280.) Rather, reviewing courts exercise the authority granted under Rule 615(b)(4) cautiously, and the scope of an appellate court's examination of a sentence imposed by the trial court is limited to whether the record discloses that the trial court abused its discretion. That is precisely what the appellate court concluded in this case.

Consecutive sentences should be imposed sparingly. (*People v. Zadel* (1979), 69 Ill. App. 3d 681, 683; *People v. Foster* (1975), 32 Ill. App. 3d 1009, 1013.) In the case *sub judice*, the appellate court determined that the defendant was not the type of criminal to be subjected to the harsh penalty of consecutive sentences. That determination was based on the defendant's background, family history, youth, and lack of significant past criminal behavior.

Section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(b)) provides:

"The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record."

In *People v. Pittman* (1982), 93 Ill. 2d 169, this court, in construing section 5—8—4(b), concluded that the trial judge is not required to recite the language of the statute in reaching his determination that a consecutive sentence is warranted. Rather, the section requires only that "the record show that the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public." (*Pittman*, 93 Ill. 2d at 178; accord *People v. Steppan* (1985), 105 Ill. 2d 310, 322.) The record in the instant case does not support the conclusion that a consecutive sentence is required to protect the public.

In *Steppan*, we held that substantial compliance with section 5—8—4(b) may exist even if the trial court does not specifically recite the particular language set forth in the statute. (*Steppan*, 105 Ill. 2d at 322.) Similarly, compliance with the standard of review may exist, as in the instant case, even if the reviewing court does not use the phrase "abuse of discretion," provided that the record supports that conclusion. In the instant case, the appellate court implicitly held that the sentencing judge abused his discretion. The record and the Rule 23 order clearly demonstrate substantial compliance with the standard of review.

It would have been preferable for the appellate court to set forth the standard of review in its Rule 23 order. However, since the court implicitly held that the imposition of consecutive sentences in this case was an abuse

of discretion, the court did not exceed its authority under Rule 615(b)(4).

The record shows that the defendant was 19 years old when he committed these offenses. He was the youngest of six children whose mother was a public-aid recipient. The defendant left home while he was still in grammar school and dropped out of school before graduating from the eighth grade. At the time of final disposition, defendant's criminal history consisted of one conviction for robbery, for which he received probation (subsequently revoked). While the record shows that the trial court addressed the evidence in aggravation prior to imposing sentence, there is no indication that the trial court gave serious consideration to defendant's youth and other evidence in mitigation, namely, his desire to free himself from Hendricks' oppressive deviate sexual practices. Indeed, the fact that the defendant did not harm the victim after he shot Hendricks is highly probative of defendant's mind-set. Moreover, the presentence investigation report indicates that the defendant overcame a drug problem.

We note the following cases as examples of when courts of review have exercised their authority under Rule 615(b)(4) cautiously and sparingly: *People v. Walcher* (1969), 42 Ill. 2d 159 (death sentence reduced based partially on the fact that the defendant was an alcoholic and the evidence indicated he had been drinking at the time of the offense); *People v. Treadway* (1985), 138 Ill. App. 3d 899, *appeal denied* (1986), 112 Ill. 2d 567 (defendant was a 24-year-old high school dropout who had been physically abused as a child, had suffered from drug and alcohol problems since the age of 14, and had only a minor criminal history); *People v. Gray* (1984), 121 Ill. App. 3d 867 (stepfather convicted of striking a 2½-year-old child on the head with a blunt object and disposing of the child in a garbage bag). Sentences have

been reduced on the basis of a defendant's potential for rehabilitation. (*People v. Nelson* (1982), 106 Ill. App. 3d 838 (where defendant expressed a sincere desire to continue his education); *People v. Kosanovich* (1979), 69 Ill. App. 3d 748, *appeal denied* (1979), 79 Ill. 2d 615 (reduction of sentence based on rehabilitative potential where defendant came from a poor social environment).)

In sum, we agree with the appellate court's implicit conclusion that the trial court abused its discretion. The facts presented in this record do not justify the imposition of consecutive sentences. Considering the defendant's age, background, and criminal history, there would be small value in tacking the concurrent terms imposed for rape and aggravated kidnapping onto the end of a 40-year sentence for murder. Either parole or other release provisions, rather than a consecutive sentence, will provide a way back to the community and will better serve the spirit and purpose of the Unified Code of Corrections. Under the circumstances of this particular case, consecutive terms of imprisonment are not warranted.

For all of the above reasons, the judgment of the appellate court is affirmed. This cause is remanded to the trial court with directions to enter an order that the sentences imposed are to run concurrently.

*Affirmed and remanded*
*with directions.*

JUSTICE MILLER, dissenting:

The defendant was convicted of murder, rape, and aggravated kidnapping and sentenced to terms of imprisonment of 40 years, 20 years, and 15 years, respectively, for those crimes; the 40-year prison term for the murder conviction was to run consecutively to the sentences for the two other offenses, which were to run concurrently. The majority affirms the appellate court's decision modifying the defendant's sentences so that all three run con-

currently. Because I do not believe that the trial judge abused his discretion in sentencing the defendant to a consecutive term for the murder conviction, I dissent.

There can be no doubt of the authority of a reviewing court in this State to reduce a sentence in a criminal case. (See 107 Ill. 2d R. 615(b)(4).) But a sentence will not be disturbed on appeal unless it represents an abuse of discretion (*People v. Cox* (1980), 82 Ill. 2d 268, 275-76; *People v. Perruquet* (1977), 68 Ill. 2d 149, 153-54), and this court has consistently applied the abuse of discretion standard, either explicitly or implicitly, in reviewing orders imposing consecutive sentences (see *People v. Holland* (1987), 121 Ill. 2d 136, 161-63; *People v. Steppan* (1985), 105 Ill. 2d 310, 322-23; *People v. Hicks* (1984), 101 Ill. 2d 366, 373-76; *People v. Pittman* (1982), 93 Ill. 2d 169, 176-79; *People v. Smith* (1980), 78 Ill. 2d 298, 306-07). The principal question presented by this appeal is whether the trial judge abused his discretion in imposing a consecutive prison term for the murder conviction, and I would hold that he did not.

As a preliminary matter, I do not agree with the majority that the appellate court implicitly applied the abuse of discretion standard in altering the trial judge's sentencing order. In accepting the defendant's argument that a consecutive sentence was excessive and was unnecessary for the protection of the public, the appellate court said:

> "We agree with O'Neal that he is not the type of criminal which should be subjected to the harsh penalty of consecutive sentences. Consecutive sentences should be imposed rarely and sparingly. (*People v. Zadel* (1979), 69 Ill. App. 3d 681, 387 N.E.2d 1092.) Based on O'Neal's background including his family history and a lack of significant criminal behavior, and based on his youth, we believe that O'Neal's sentences should be modified to run concurrently rather than consecutively." (Slip op. at 7.)

The appellate court did not expressly state that the trial judge's sentencing order was an abuse of discretion, or even that the order was unsupported by the record. Instead, it appears that the appellate court simply substituted its own view of how the defendant should be sentenced. (*Cf. People v. Perruquet* (1976), 41 Ill. App. 3d 543, 549 ("After carefully considering the seriousness of the offense and the history and character of the defendant, we believe the maximum sentence in this case should be reduced to five years"), *rev'd* (1977), 68 Ill. 2d 149.) But despite the appellate court's failure to apply the correct standard of review, it is not necessary that the cause be remanded to the appellate court for that purpose; the appellate court is in no better position than we are to review sentencing determinations, and the merits of the underlying issue have been fully addressed by the parties in their briefs to this court.

The majority correctly notes that a consecutive sentence may not be imposed unless the sentencing judge "is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(b); see *People v. Pittman* (1982), 93 Ill. 2d 169, 178.) The record in this case establishes that the trial judge did believe that a consecutive sentence was necessary for the protection of the public. In explaining why he was imposing a consecutive term of imprisonment, the trial judge referred to the defendant's role in the offenses here and to the defendant's testimony that he had engaged in a series of armed robberies with the decedent. The judge stated:

> "This defendant exhibited, according to his own testimony, he was a career and casual armed robber. He exhibited in this case a savage disposition. He combined here several of the most violent crimes known to the social order, and after he had kidnapped and raped this

helpless woman in a diabolical scheme, he shot, murdered and robbed his partner in crime, all very much in keeping with the disposition as a career armed robber that he admits to."

Notwithstanding that clear statement by the trial judge of his reasons for imposing a consecutive sentence in this case, the majority asserts that there is no indication that the judge adequately considered, in mitigation, the defendant's age and his relationship with the murder victim, Hendricks. The majority also notes that the defendant grew up in impoverished surroundings, left school while in the eighth grade, overcame a drug problem, and, apart from the offenses here, had only one prior conviction, for robbery, for which he received a term of probation, later revoked.

I agree with the majority that those circumstances are relevant considerations in sentencing. But I do not believe that we may conclude that the trial judge failed to consider the information, or that he gave it inadequate weight.

The defendant was 19 years old when he committed the offenses here, and therefore he was eligible for the full range of criminal sanctions, including consecutive sentences, prescribed by Illinois law for adult offenders. Unlike the majority, I do not believe that the trial judge's decision to sentence the defendant to a consecutive term of imprisonment for the murder conviction reflects an inadequate consideration of the evidence regarding the defendant's relationship with the murder victim. The defendant's testimony on that subject was offered at trial in support of the defense theory that the defendant was in fear of the decedent and that the defendant shot and killed the decedent in self-defense while the two were struggling for a gun. The jury found the defendant guilty of murder, though it was instructed on both the justifiable use of force and on the "unrea-

sonable belief" form of voluntary manslaughter, in accordance with this court's ruling in an earlier appeal involving the defendant. (See *People v. O'Neal* (1984), 104 Ill. 2d 399.) Thus, the jury rejected the defendant's claims of self-defense. Moreover, at the sentencing hearing, the trial judge expressed his agreement with the jury's murder verdict, describing the evidence of the defendant's guilt as "overwhelming." The trial judge was in a superior position to weigh the conflicting evidence and to gauge the credibility of the witnesses. In imposing sentence, the judge was certainly free to reject or assign little weight to the defendant's uncorroborated, self-serving testimony regarding his relationship with the decedent; the trial judge may have found that evidence no more believable than the defendant's testimony denying that he committed rape.

The trial judge had before him the parties' evidence concerning the commission of the offenses in this case, as well as all the other information regarding the defendant's background and home life, and I do not believe that we may now say that the trial judge did not adequately consider the myriad circumstances relevant to the sentencing process. The trial judge did not abuse his discretion in imposing a consecutive sentence in this case, and I would not intrude on his informed decision.