NOTICE

Decision filed 08/14/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220496-U

NO. 5-22-0496

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 21-CF-28 |
| | ) | |
| JENNIFER M. WHITTIEMORE, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly denied defendant's motion to reconsider the sentence where she had six prior felony convictions and four times her probation had been terminated unsuccessfully.  Further, no procedural error occurred where the circuit court and defense counsel complied with applicable supreme court rules.  As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Jennifer M. Whittiemore, appeals the circuit court's order denying her motion to reconsider sentence.  Her appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in doing so.  Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum.  See *Anders v. California*, 386 U.S. 738 (1967).  OSAD has notified defendant of its motion.  This court has provided her with an opportunity to respond and she has

1

filed a response. However, after considering the record on appeal, OSAD's memorandum and supporting brief, and defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                            BACKGROUND

¶ 4     Defendant was charged with aggravated battery. The indictment alleged that defendant was eligible for an extended-term sentence as a result of a previous Class 2 felony conviction (for which she was then on probation). On December 21, 2021, defendant agreed to plead guilty to aggravated battery and to admit to the allegations of a petition to revoke probation filed in the earlier case. By agreement, the probation would be terminated unsuccessfully but no additional penalties would be imposed. The State agreed to dismiss two additional cases plus some traffic charges. The prosecutor noted that defendant was eligible for an extended-term sentence of 2 to 10 years' imprisonment, to be served at 50%, but was eligible for probation.

¶ 5     The factual basis showed that defendant argued with Mark Nichols about the keys to a car. Nichols was trying to get the keys from her because she was not supposed to drive. Instead, defendant got in the car and drove over Nichols. He suffered severe leg injuries and spent several weeks in the hospital.

¶ 6     The court admonished defendant about the rights she would be surrendering by pleading guilty, including the presumption of innocence, the right to a jury or bench trial, counsel at trial, to confront witnesses, to adduce evidence in her defense, and to testify if she so desired. The court provided the same admonitions regarding the petition to revoke probation. It also told her about the offense and the possible sentences. The court found the plea voluntary and accepted it.

¶ 7    At sentencing, the court took judicial notice of orders of protection against defendant. Nichols testified about his injuries but also stated that he did not fear defendant, who is the mother of his three children, and had forgiven her. The State, noting that defendant had a lengthy criminal record, requested the maximum 10-year sentence. Defense counsel argued that the circumstances leading to the offense were unlikely to recur and sought probation.

¶ 8    The presentence investigation report showed that defendant had prior felony convictions of predatory criminal sexual assault, obstruction of justice, failure to register as a sex offender, and failure to report an accident involving personal injuries, as well as numerous misdemeanor and traffic offenses. Four prior sentences of probation had been terminated unsuccessfully.

¶ 9    Noting that defendant had a "terrible criminal history" and that she had "never been successful on probation," the court sentenced her to nine years' imprisonment. The court observed that it did not impose the maximum sentence only because the victim had forgiven her and because it did not want to disrupt her children's lives more than necessary. The court informed defendant that, to pursue an appeal, she would have to move, within 30 days, to withdraw the plea or reconsider the sentence.

¶ 10   Defendant filed a motion to reconsider the sentence and defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The court denied the motion and defendant timely appealed.

¶ 11                                  ANALYSIS

¶ 12   OSAD concludes that there is no reasonably meritorious contention of reversible error in the denial of defendant's motion to reconsider the sentence. OSAD suggests four possible issues but concludes that none have merit.

¶ 13    In three related issues, OSAD concludes that no procedural error occurred in the proceedings below: both the circuit court and defense counsel complied with the applicable supreme court rules. We agree.

¶ 14    Per Illinois Supreme Court Rule 402, the circuit court admonished defendant about the offense and the possible penalties. Ill. S. Ct. R. 402(a)(1), (2) (eff. July 1, 2012). It told her about the presumption of innocence and about her rights to a jury or bench trial, to have counsel at such a trial, to confront the State's witnesses, to present evidence in her defense, and to testify herself if she so desired. Ill. S. Ct. R. 402(a)(4) (eff. July 1, 2012). Thus, the court substantially complied with the rule. See *People v. Burt*, 168 Ill. 2d 49, 64 (1995) (Rule 402 requires substantial, not literal, compliance); *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009) (courts have found substantial compliance with Rule 402 where plea was knowing and voluntary, even if the trial court failed to admonish defendant of a specific provision).

¶ 15    The court also complied with Illinois Supreme Court Rule 605(b). After the sentencing hearing, the court informed defendant of her appeal rights, reciting the rule nearly verbatim in the process. See Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001).

¶ 16    Moreover, defense counsel complied with Illinois Supreme Court Rule 604(d). In relevant part, the rule provides that:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the

4

motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Here, defense counsel filed a certificate tracking the rule's language.

¶ 17     OSAD further concludes that the court did not err substantively by denying defendant's motion to reconsider her sentence. The circuit court has considerable discretion in sentencing, and we will disturb a sentence within the statutory range only where the court abused that discretion. *People v. O'Neal*, 125 Ill. 2d 291, 297-98 (1988). Here, defendant pleaded guilty to aggravated battery causing great bodily harm, a Class 3 felony. Normally, this would be subject to a maximum sentence of 5 years (730 ILCS 5/5-4.5-40(a) (West 2020)) but, given her record, she was eligible for an extended-term sentence of up to 10 years (730 ILCS 5/5-5-3.2(a)(12) (West 2020)). Thus, the nine-year sentence is within the statutory range. Moreover, given defendant's extensive record of convictions, which included six prior felonies and numerous misdemeanor and traffic offenses, and that four prior probation sentences ended unsatisfactorily, the court did not abuse its discretion in rejecting her request for probation and imposing a sentence near the high end of the range.

¶ 18     In her response, defendant argues that she was not aware that her extended-term eligibility was based on the conviction for which her probation was simultaneously revoked, that she successfully completed that probation, and that she did not actually run over Nichols. She argues that she believed her attorney was attempting to get probation for her but implicitly acknowledges that it was never guaranteed: " 'Let's see if we can convince the judge to grant you probation.' " She contends that she attempted to withdraw her plea but that her request was either denied or ignored. She further contends, without elaboration, that the court's admonishments were insufficient, that defense counsel's Rule 604(d) certificate was insufficient, and that counsel was generally ineffective.

5

¶ 19    The record does not show that defendant ever attempted to withdraw her plea or the stipulation to the petition to revoke probation. As noted, the circuit court properly admonished her, and defense counsel filed a certificate that complied with the applicable rules. The terms of the plea agreement were explained, and defendant stated that she understood. She stipulated to the factual basis and to the allegations of the petition to revoke probation. She cannot now undo all of that, without factual support or reasoned argument, simply because she is dissatisfied with the sentence she received.

¶ 20                                    CONCLUSION

¶ 21    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 22    Motion granted; judgment affirmed.