THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN WOODS, Defendant-Appellant.
First District (1st Division)   No. 84—0911

Opinion filed February 11, 1985.

Robert S. Bailey, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Karen C. Wirth, and Peter D. Zaper, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Kevin Woods, entered pleas of guilty to three informations charging him with a variety of criminal offenses. In information No. 83—8739, defendant pleaded guilty to rape, deviate sexual assault, armed robbery, aggravated kidnaping and indecent liberties with a child, and he was sentenced to serve concurrent terms of 28 years each for rape, deviate sexual assault and armed robbery and 10 years each for aggravated kidnaping and indecent liberties with a child. In information No. 83—8740, defendant pleaded guilty to armed violence, attempted armed robbery and aggravated kidnaping, and he

was sentenced to serve concurrent terms of 20 years for armed violence, and 10 years each for attempted armed robbery and aggravated kidnaping. In information No. 83—8741, defendant pleaded guilty to rape, deviate sexual assault and armed robbery, and he was sentenced to serve concurrent terms of 28 years each for rape and deviate sexual assault, and 20 years for armed violence. The trial court ordered the concurrent sentences it had imposed for the offenses charged in each information to be served consecutively to the sentences imposed on the offenses charged in the other two informations. Defendant filed a timely motion to vacate his pleas of guilty, but his motion was denied. On appeal, defendant contends that the trial court improperly imposed consecutive sentences, that the consecutive sentences exceed the sum of the maximum terms authorized by the Unified Code of Corrections for the two most serious felonies involved and that the sentences are excessive.

I

Defendant initially contends that the trial court improperly imposed consecutive sentences. Section 5—8—4(b) of the Unified Code of Corrections states:

"The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the events and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1983, ch. 38, sec. 1005—8—4(b).

Defendant submits that the trial court erred in imposing consecutive sentences because the court did not specifically find, nor does the record disclose, that a consecutive sentence was required to protect the public from further criminal conduct by the defendant. We disagree.

■■ The statutory requirement that the court "shall set forth in the record" the basis for the court's determination that consecutive sentences are "required to protect the public from further criminal conduct by the defendant" is permissive rather than mandatory and has been waived where, as here, the defendant did not request a specific finding of the sentencing court relative to the protection of the public, nor did defendant complain that a basis for the required statutory finding was not sufficiently articulated. (*People v. Hicks* (1984), 101 Ill. 2d 366, 374, 462 N.E.2d 473.) Nevertheless, although this issue has been waived, we note that at the sentencing hearing the trial

court told defendant:

> "You have committed the ultimate crime against two of your victims and attempted the ultimate crime against a third. You have taken their choice away from them, you have subjected them to your will, subjected them to the ultimate degradation that a woman can be subjected to. There is no more horrible crime that could possibly be imagined."

The court found that defendant's conduct had caused "incalculable harm to each of the young ladies *** he assaulted" and that defendant not only had inflicted "physical pain and suffering" on the victims, but also created "psychological disharmony in their lives." Defendant exhibited "little concern for the people" around him. The court recognized that a defendant's rehabilitative potential is a constitutionally mandated consideration in sentencing. The court, however, properly noted that it was also directed "to look at the damage that an individual does to the community, the effect of his acts, the impact on the community, the safety of the community and the impact *** alternative sentences might have on the seriousness of certain offenses." Immediately before imposing sentence, the trial court stated that "a lengthy term [of imprisonment] in each of these offenses" was required because defendant posed an "immediate threat *** to the community."

■ These comments by the sentencing court clearly establish that the court was of the opinion that consecutive terms were necessary for protection of the public. This constitutes sufficient compliance with the requirements of section 5—8—4(b) of the Unified Code of Corrections, and we find no abuse of discretion in the court's determination. See *People v. Hicks* (1984), 101 Ill. 2d 366, 376, 462 N.E.2d 473; *People v. Peebles* (1984), 125 Ill. App. 3d 213, 223, 465 N.E.2d 539; *People v. Harris* (1984), 123 Ill. App. 3d 899, 908, 463 N.E.2d 1030.

## II

■ Defendant next contends that the consecutive sentences imposed in this case exceed the sum of the maximum terms authorized by section 5—8—4(c)(2) of the Unified Code of Corrections. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—49(c)(2).) Section 5—8—4(c)(2) provides in pertinent part:

> "For sentences imposed under the law in effect on or after February 1, 1978, the aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under Section 5—8—2 for the 2 most serious felonies involved."

Defendant, as we noted, entered pleas of guilty to seven Class X felonies and four Class 1 felonies. The maximum term authorized by section 5—8—2 of the Unified Code of Corrections for a Class X felony is 60 years. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2(a)(2).) Thus, under section 5—8—4(c)(2), the aggregate of consecutive sentences that could be imposed on defendant could not exceed 120 years, which is the sum of the maximum terms authorized under section 5—8—2 for the two most serious felonies involved. The aggregate of consecutive sentences imposed in this case was 76 years.

Defendant, however, submits that the aggregate of consecutive sentences in this case cannot exceed 60 years, which is the sum of the maximum terms authorized under section 5—8—1(a)(3) for the two most serious felonies involved. Defendant reasons that since he was not eligible for an extended-term sentence under section 5—5—3.2 of the Unified Code of Corrections, the extended-term sentences authorized by section 5—8—2 could not be used in computing the aggregate of consecutive sentences allowed by section 5—8—4(c)(2). Defendant cites no applicable authority in support of this proposition, and we are aware of none. In our judgment defendant has misread section 5—8—4(c)(2), which refers to section 5—8—2 only as a measuring statute. Defendant need not meet the separate qualifications for an extended-term sentence.

### III

■ Finally, defendant contends that his sentences are excessive. In *People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473, our supreme court stated:

> "We have repeatedly emphasized the undesirability of a reviewing court simply substituting its judgment or preference as to punishment for that of the sentencing court. The trial judge is ordinarily best situated to tailor a sentence or other disposition to the needs of the case. He balances the appropriate factors in imposing sentence, and the exercise of this discretion should not be altered upon review absent an abuse of that discretion. [Citations.]"

In the instant case defendant pleaded guilty to having committed seven Class X felonies, including rape, deviate sexual assault and armed robbery, and four Class 1 felonies, including aggravated kidnaping, indecent liberties with a child and attempted armed robbery, against three young women, one of whom was only 15 years old, in three unrelated and unprovoked attacks which took place over the course of 15 days in August 1983. We recognize, as the trial court did,

that defendant was only 18 years old at the time of the offenses, had no prior criminal record and may have some rehabilitative potential. Nevertheless, in light of the number and seriousness of the criminal offenses to which defendant pleaded guilty, we are unable to conclude that the consecutive sentences the trial court imposed constituted an abuse of discretion. Accordingly, we affirm the judgment of the circuit court of Cook County.

Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 as costs for the State's defending this appeal and incorporate it as part of the judgment.

Affirmed.

McGLOON, P.J., and CAMPBELL, J., concur.