THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE PENA, Defendant-Appellant.

Fourth District   No. 4—88—0051

Opinion filed August 25, 1988.—Rehearing denied November 3, 1988.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Jesse Pena was convicted in the circuit court of Champaign County of the offense of voluntary manslaughter in violation of section 9—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 9—2) and sentenced to 10 years' imprisonment in the Illinois Department of Corrections, with the sentence to run consecutively to a two-year sentence imposed in Champaign County case No. 87—CF—885. Defendant appeals.

The sole issue on appeal is whether the trial court erred by sentencing defendant to consecutive terms of imprisonment without finding that such a sentence was necessary to protect the public from further criminal conduct by the defendant. The trial court did not make such a finding. The defendant did not present this issue to the trial court.

Section 5—8—4(b) of the Unified Code of Corrections provides:

"The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(b).)

While stating it may be a better practice for the trial court to use the language of the statute, our supreme court has held the mandatory language of this statute to be permissive and, as a result, is subject to waiver by the defendant's failure to request from the trial court a

statement of reasons for a particular sentence. (*People v. Hicks* (1984), 101 Ill. 2d 366, 374, 462 N.E.2d 473, 476-77.) The matter was not properly presented to the trial court and is, therefore, waived.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.