THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SARAH JEAN ANDERSON, Defendant-Appellant.

Fourth District   No. 4—90—0500

Opinion filed March 28, 1991.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Peter C. Drummond, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Following a jury trial in the circuit court of McLean County, defendant Sarah Jean Anderson was found guilty of subsequent-offense retail theft. (Ill. Rev. Stat. 1989, ch. 38, pars. 16A—3, 16A—10.) She was sentenced to an extended term of six years' imprisonment, to be served consecutively to previously imposed consecutive terms of four years' imprisonment and two years' imprisonment. Defendant appeals from and we affirm her sentence.

The evidence adduced at defendant's trial establishes that on September 13, 1989, defendant left the Limited store located in the Eastland Mall in Bloomington, Illinois, carrying a purse which she had not purchased. Out of the presence of the jury, the parties stipulated that the defendant had been previously convicted of retail theft.

Lorabell Davis, the defendant's mother, testified that the defendant had a cancerous brain tumor, which was removed some time before the date she was arrested. Defendant was undergoing radiation therapy at the time of the offense and was taking medication.

Following the finding of guilty, the matter was continued for the presentence report. The report indicated that the defendant is 33 years old. Her prior record consists of one juvenile adjudication, one traffic violation, a burglary conviction, a misdemeanor-theft conviction, and five retail-theft convictions. Five of the defendant's prior offenses are felonies. The defendant informed the author of the report that she has been treated for mental and emotional problems. Defendant also stated that her cocaine habit caused her to steal.

At the sentencing hearing, the parties stipulated that the defendant was free on bond for a prior felony retail-theft conviction when she committed the instant offense. At the time of the sentencing hearing, defendant was serving consecutive terms of four years' and two years' imprisonment for retail theft. The State recommended that the court sentence defendant to an extended term of six years' imprisonment on the basis of her prior record.

Defense counsel asked the court to consider the trial testimony regarding defendant's state of mind and physical condition at the time of the offense. Counsel also noted that all of the defendant's prior crimes had been crimes against property which did not involve violence.

The defendant stated that after her surgery, she did not know what was going to happen from day to day and "just didn't care." She added, "I was on drugs very heavily and what I was doing I didn't think was wrong because I was trying to support my habit of doing drugs." Defendant emphasized that she began to seek counseling for her drug problem before she went to prison.

In imposing sentence, the court ordered the defendant's sentence to run consecutively to the two sentences she was serving because she committed the instant offense while free on bond for another felony. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(i).) The court also found that defendant qualified for an extended-term sentence. See Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(1).

On appeal, defendant first contends that the trial court abused its discretion by ordering her sentence be served consecutively to her prior sentences for retail theft. Defendant reasons that the trial court failed to comply with terms of section 5—8—4(b) of the Unified Code of Corrections (Code) by failing to specifically state that a consecutive sentence was necessary to protect the public from further criminal conduct by the defendant. Section 5—8—4(b) provides, in relevant part, that a court shall not impose a consecutive sentence unless "it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b).

In *People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473, the Illinois Supreme Court was presented with an argument identical to that of the defendant. The court held that mandatory language of the statute must be read as permissive in order to preserve constitutionality of the statute in light of the separation-of-powers clause of the Illinois Constitution. (*Hicks*, 101 Ill. 2d at 374, 462 N.E.2d at 476.) Because the statutory requirement is permissive rather than mandatory, the court reasoned that it is subject to waiver by defendant's failure to request a statement of the court's rationale for a particular sentence. (*Hicks*, 101 Ill. 2d at 374, 462 N.E.2d at 476.) In the instant case, as in *Hicks*, defendant failed to request such a statement. Accordingly, the argument that the trial court failed to state its rationale for imposing a consecutive sentence is waived on appeal.

Although the trial court did not state that a consecutive term is required to protect the public from further criminal conduct, the court noted that defendant was free on bond with respect to a February 1989 conviction for felony retail theft. Section 5—8—4(i) of the Code

specifically authorizes the imposition of a consecutive sentence in such cases.

■ Defendant next contends that the trial court abused its discretion in sentencing her to an extended term for retail theft because her conviction was enhanced from a misdemeanor based upon a prior retail theft conviction. In *People v. Roby* (1988), 172 Ill. App. 3d 1060, 527 N.E.2d 623, *appeal denied* (1988), 122 Ill. 2d 589, 530 N.E.2d 259, this court held that a misdemeanor conviction may be enhanced to a felony and then become the subject of an extended sentence when separate prior convictions are used for each step. (*Roby*, 172 Ill. App. 3d at 1065, 527 N.E.2d at 627.) As the defendant notes in her brief, her conviction for retail theft was enhanced to a Class 4 felony based upon a 1983 retail-theft conviction. (See Ill. Rev. Stat. 1989, ch. 38, par. 16A—10.) The record reveals that the defendant was convicted of subsequent-offense retail theft in 1989 (a Class 4 felony) and of retail theft of property with a value of over $150 in 1988 (a Class 3 felony). Either of the foregoing convictions would provide the basis for an extended sentence pursuant to section 5—5—3.2(b)(1) without running afoul of *Roby*. The enhancement of the defendant's offense and the trial court's imposition of an extended sentence were properly based upon separate convictions.

Defendant asks this court to reconsider *Roby* in light of the fact that it stands in conflict with the decisions of the First, Second, and Third District Appellate courts. To illustrate this conflict, defendant cites *People v. Grayson* (1983), 119 Ill. App. 3d 252, 456 N.E.2d 664, *People v. Nally* (1985), 134 Ill. App. 3d 865, 480 N.E.2d 1373, *appeal denied* (1985), 108 Ill. 2d 582, and *People v. Spearman* (1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320, *appeal denied* (1982), 92 Ill. 2d 571, decided by the First, Second, and Third District Appellate courts, respectively. When *Roby* was decided, the defendant urged this court to follow *Grayson, Nally*, and *Spearman*. The *Roby* opinion adequately expresses our disagreement with the reasoning in the foregoing cases. (*Roby*, 172 Ill. App. 3d at 1064-65, 527 N.E.2d at 626.) We decline defendant's invitation to reconsider *Roby*.

■ Defendant also contends that her sentence was doubly enhanced because her 1983 retail-theft conviction, which enhanced her current offense to a felony, was also considered by the court in deciding the length of the extended-term sentence imposed.

This court addressed a similar argument in *People v. Govan* (1988), 169 Ill. App. 3d 329, 523 N.E.2d 581, *appeal denied* (1988), 122 Ill. 2d 584, 530 N.E.2d 255. In *Govan*, the defendant's misdemeanor weapons offense was enhanced to a Class 3 felony because of

a prior felony conviction. As the weapons offense was committed while the defendant was in prison, the offense was enhanced from a Class 3 felony to a Class 1 felony. The trial court also considered the defendant's prior felony conviction as part of his criminal record in imposing sentence. Defendant argued that to allow the trial court to further consider his criminal record as an aggravating factor for sentencing purposes constituted an improper double enhancement. This court held it was not improper for the trial court to consider the defendant's prior felony conviction as part of his criminal history. (*Govan*, 169 Ill. App. 3d at 341, 523 N.E.2d at 588.) *Govan* supports our finding that a prior conviction used to enhance an offense may be considered as an aggravating factor in sentencing. Similarly, we find that a prior conviction used to impose an extended sentence may also be considered as an aggravating factor. In summary, we conclude that the trial court properly considered one prior conviction to enhance the defendant's offense to a felony, another prior conviction to impose an extended-term sentence, and both prior convictions as aggravating factors in determining the length of the extended term.

Finally, the defendant contends that in imposing the maximum extended term, the trial court failed to give adequate consideration to her severe medical and emotional problems and her drug dependency.

■■ A reviewing court should not substitute its judgment or preference as to punishment for that of the sentencing court. The trial court is ordinarily best situated to tailor a sentence to the needs of the case. It balances the appropriate factors in imposing sentence, and the exercise of this discretion should not be altered upon review absent abuse of that discretion. *People v. Steppan* (1985), 105 Ill. 2d 310, 323, 473 N.E.2d 1300, 1307.

■■ In imposing sentence, the trial court recognized the defendant's severe health and emotional problems. The court also noted that, because the purse was recovered, there was no loss to the merchant. However, the court reasoned that these considerations would carry more weight but for the defendant's extensive prior record, which suggests that the defendant's recent health problems have little to do with her conduct. The court also stated it was aware of the defendant's drug problem, but noted this problem had not been addressed by the defendant in any meaningful way. These conclusions are supported by the defendant's record and her testimony. The defendant's record reflects the commission of numerous crimes prior to her current malaise. Further, although the defendant testified that she sought drug-abuse counseling prior to her incarceration, she did not state that she had stopped or even decreased her drug use. The

trial court did not abuse its discretion in giving the defendant's mental and physical health and substance-abuse problems little weight in comparison to her extensive criminal record.

Affirmed.

GREEN and STEIGMANN, JJ., concur.