THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALD DOROSZ, Defendant-Appellant.

First District (3rd Division)   No. 1—88—2951

Opinion filed July 17, 1991.

Randolph N. Stone, Public Defender, of Chicago (Mark Stein, Assistant Public Defender, of counsel), for appellant.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Diann L. Doppelt, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

In the circuit court of Cook County, defendant, Gerald Dorosz, was convicted of unlawful possession of cannabis and unlawful possession of a controlled substance. (Ill. Rev. Stat. 1985, ch. 56½, pars. 704(d), 1402(b).) He was sentenced to three years' imprisonment. This sentence was to be consecutive to a sentence of five years' imprisonment that already had been imposed by a different judge of the same court in a second drug case.

Defendant contends that the trial court erred in imposing a consecutive sentence. For the reasons that follow, we modify defendant's sentence.

### FACTS

After defendant was stopped for speeding in Chicago, a police officer saw a sheathed knife protruding from beneath the driver's seat of the car that defendant was driving. As the officer moved to retrieve the knife, he observed a clear plastic bag protruding from the gearshift console. He retrieved the bag, which he found to contain a plantlike substance that he believed to be cannabis. He then arrested defendant. While retrieving the bag, he discovered two other bags of plantlike substance, as well as two vials of pills and $270 in cash. He

later charged defendant with the drug offenses that are the subject of this appeal and with traffic violations and unlawful use of a weapon.

The drug offenses were charged by information No. 87Cr—9225 in two counts. One count charged defendant with knowingly and unlawfully possessing between 30 and 500 grams of cannabis. (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d).) The other charged him with knowingly and unlawfully possessing with intent to deliver a quantity of the controlled substance chlordiazepoxide, also known as Librium. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(f).) After a bench trial, the court found defendant guilty. However, the court ruled, and the State agreed, that the controlled-substance conviction was only for the Class 4 felony of possession (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)), not the charged Class 3 felony of possession with intent to deliver.

Defendant's post-trial motion for acquittal or a new trial was denied, and the court heard evidence in aggravation and mitigation.

According to the presentence report on defendant, he stated that before his arrest he had been living with his mother and earning $400 or more about every two weeks, which he said had sufficed to meet his financial obligations. He also stated that before his arrest he had spent $100 to $200 on drugs each week but had no physical symptoms.

In aggravation, the State offered defendant's criminal history, which included a 1984 conviction and three-year sentence for burglary and controlled-substance delivery or possession with intent to deliver; a 1982 conviction and three-day sentence for possession of cannabis; a 1980 conviction and sentence to 30 months of probation and six months of periodic imprisonment for delivery and possession of cannabis; a 30-day sentence of periodic imprisonment in 1978 for battery; a 1976 conviction and four-year sentence of probation for possession of a controlled substance; and a 1975 conviction and 18-month unsatisfactorily terminated sentence of probation for possession of cannabis.

In mitigation, defense counsel contended that defendant was not a drug dealer but merely a chronic drug abuser and that his previous drug-delivery convictions were so old as to be "dated." Counsel also argued that defendant was a self-employed automobile mechanic who, because of chronic drug dependency, wished to enter a drug rehabilitation program. Defendant himself argued that his crime was not violent and that he was its only victim.

The trial judge disagreed that defendant's crime was victimless, characterizing it as "part of the seed of commerce in illegal drugs." The judge continued:

"The Court has considered the Presentence Report, the statements of counsel, and the evidence heard on the trial of this case. And considering all of that in connection with the defendant's record, it is the sentence of the Court, Mr. Dorosz, and you are hereby sentenced to a term of three years in the penitentiary system of the Illinois Department of Corrections. That sentence to run consecutive to the sentence imposed in 87—50269."

The court's latter reference was to a sentence of five years' imprisonment that had recently been imposed on defendant by another judge of the circuit court of Cook County in a second drug case.

Prior to trial in the present cause, defendant had been arrested on a third set of drug charges. Immediately after sentencing in the present cause, he pleaded guilty in the third case, No. 88Cr—6035, before the same judge who tried and sentenced him in the present cause. In that third case, the judge then sentenced him to two years' imprisonment, to be served concurrently with the term imposed in the present cause.

In sum, defendant was to serve terms of five, three, and two years, the latter two terms to be concurrent with each other but consecutive to the five-year term. (According to the mittimus, the unitary three-year term itself represented two concurrent terms, one each for cannabis possession and for possession of a controlled substance.)

After defendant was sentenced to the two-year term in case No. 88Cr—6035, this exchange occurred:

"THE COURT: Mr. Dorosz, at 30 years of age, you have a disast[ ]rous history in the criminal court and in drug abuse. And you may live to be 80, you know. So these sentences don't tend to get shorter; they tend to get longer especially the next time that you may be arrested on a—where you are really in prime condition now for extended term consideration.

DEFENDANT DOROSZ: Thank you for your advice, your Honor. I will take it into consideration. I already decided to quit because it is already getting worse for me.

THE COURT: That's right. That's all it does is debilitate and degenerate. You may have some life ahead of it, who knows. The point is it doesn't damage any of us except yourself. It is no great inconvenience to us to have you here. We have—each of these judges have over 300 cases at a time. It doesn't make any difference who the people are. So it is only to yourself that it will ever make any difference. So you got a little time to think it over."

ANALYSIS

██ Section 5—8—4(a) of the Unified Code of Corrections provides that, when a defendant is subject to more than one sentence of imprisonment, the sentences shall run concurrently rather than consecutively, unless the sentencing court specifies otherwise. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a).) The section applies both when a defendant simultaneously receives multiple prison sentences and when (as here) a defendant who is already subject to a prison sentence receives another one.

██ Section 5—8—4(b) of the Code establishes a standard for consecutive sentences:

"The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(b).

Besides asserting that his crimes were comparatively minor and his character is nonviolent, defendant contends that the record lacks any indication that protection of the public was the court's basis for imposing a consecutive sentence.

Defendant cites *People v. O'Neal* (1988), 125 Ill. 2d 291, 298, 531 N.E.2d 366, 369, for the rule that, although a reviewing court will not substitute its judgment for the trial court's by merely rebalancing sentencing factors, it will consider whether the trial court's sentence constituted an abuse of discretion. *O'Neal* also reaffirmed that consecutive sentences should be imposed sparingly and that, although a trial court need not actually recite the language of section 5—8—4(b) when imposing a consecutive sentence, the record must show that the court believed that a consecutive term was necessary to protect the public. *O'Neal*, 125 Ill. 2d at 298-99, 531 N.E.2d at 369.

In *O'Neal*, the defendant had been convicted of murder, rape, and aggravated kidnapping. His sentence of 40 years' imprisonment for murder was to run consecutively to his concurrent sentences of 20 and 15 years for rape and aggravated kidnapping. (125 Ill. 2d at 293-94, 531 N.E.2d at 366-67.) The murder victim was the defendant's accomplice in the rape and aggravated kidnapping. (125 Ill. 2d at 295-96, 531 N.E.2d at 367-68.) The defendant was 19 years old at the time of his offenses; he had had a deprived childhood; he had only one prior conviction, for which he had received probation; and he testified

that he killed out of a desire to free himself from the accomplice's persistent coercion, threats, and sexual impositions. After killing his accomplice, the defendant did not physically harm the rape-and-kidnapping victim. Furthermore, the defendant had overcome his drug problem.

When pronouncing sentence, the *O'Neal* trial court addressed the evidence in aggravation but gave no indication of seriously considering the mitigating evidence. (125 Ill. 2d at 297, 300, 531 N.E.2d at 368, 369-70.) On the basis of the defendant's background, family history, youth, and lack of significant past criminal behavior, the appellate court modified his murder sentence from consecutive to concurrent, implicitly finding that the trial court had abused its discretion. The supreme court affirmed the modification and observed that a consecutive sentence was unwarranted because the record did not support the conclusion that it was necessary in order to protect the public. 125 Ill. 2d at 298-301, 531 N.E.2d at 369-70.

Pointing out that consecutive sentences are to be imposed sparingly, the present defendant argues that the legislature did not intend such sentences to be imposed on all petty drug users. He asserts that the sentencing judge gave no indication that he was imposing a consecutive sentence to protect the public. Defendant adds that, when a consecutive sentence lacks support in the record, a reviewing court should not strain to find a nonexistent justification.

The State would distinguish *O'Neal* as having involved a multitude of mitigating factors, rather than the very few found in the present cause.

The State also responds that, by not requesting a specific finding on the need to protect the public, defendant waived his claim that the trial court failed to articulate such a need. (*People v. Hicks* (1984), 101 Ill. 2d 366, 374, 462 N.E.2d 473, 477; *People v. Woods* (1985), 131 Ill. App. 3d 51, 53, 475 N.E.2d 589, 591.) The *Hicks* and *Woods* courts held that, because section 5—8—4(b) is directory rather than mandatory in requiring that the basis for a consecutive sentence be set forth in the record, the requirement could be waived. By failing to request a specific finding on protection of the public or to complain that a basis for such a finding was insufficiently articulated, the *Hicks* and *Woods* defendants had waived the requirement.

In an alternative argument, the State contends that, as demonstrated by the record, the public needed to be protected from defendant by a consecutive sentence, and the court considered defendant's prior history and criminal activity when sentencing him. In support, the State cites *Hicks*, a case in which the trial court had set forth at

length the factors that in its opinion mandated consecutive sentences, even though it had not specifically found that protection of the public was one of the factors. (*Hicks*, 101 Ill. 2d at 374-75, 462 N.E.2d at 477.) Those factors included the crimes' aggravated nature, defendant's serious psychological problems and bizarre sexually related behavior, a marked potential for future criminal behavior, the need for long-term psychotherapy, and the threat that defendant posed to society. *Hicks*, 101 Ill. 2d at 375, 462 N.E.2d at 477.

In the present cause, the trial judge simply stated that he had considered the presentence report, the evidence, the statements of counsel, and defendant's record. This was not the type of detailed discussion in which the *Hicks* trial court engaged. The State contends that the judge was considering the protection of society when he called defendant's drug use "part of the seed of commerce in illegal drugs." However, the same would be true of any unlawful drug use, yet consecutive sentences are not imposed in all such cases.

■■ ■ The mere fact that a trial court imposed consecutive sentences does not in and of itself warrant a conclusion that the court felt them necessary in order to protect the public. (*Hicks*, 101 Ill. 2d at 374-75, 462 N.E.2d at 477; *People v. Pittman* (1982), 93 Ill. 2d 169, 177, 442 N.E.2d 836, 840.) Even though section 5—8—4(b) is directory rather than mandatory, and even though a court need not articulate a precise finding in the words of the section, it must at least appear from the record that consecutive sentences were motivated by the court's belief that the public's protection required them. *O'Neal*, 125 Ill. 2d at 299, 531 N.E.2d at 369; *Hicks*, 101 Ill. 2d at 375, 462 N.E.2d at 477.

■■ In the present cause, the record does not support such a conclusion. The trial court perfunctorily noted that it had relied on defendant's history and the trial proceedings in formulating a sentence, but this rationale fell considerably short of those articulated by the trial courts and found sufficient in such cases as *Hicks*, *Pittman*, *Woods*, and *People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300.

It is true that, in the recent case of *People v. Douglas* (1991), 208 Ill. App. 3d 664, 567 N.E.2d 544, this court affirmed consecutive sentences where the trial judge had merely referred to the "facts," "circumstances," and "gravity" of the offenses and to the defendant's "background" as justification for one of the sentences. (208 Ill. App. 3d at 676-77, 567 N.E.2d at 552.) However, *Douglas* involved murder and armed robbery by a defendant whose history included several violent crimes. Without further explication by the trial court, a need to

protect the public through consecutive sentences was more obvious in light of the *Douglas* defendant's crimes and background than in light of the present defendant's. Too, the trial court in the present cause was even more laconic than the *Douglas* court in setting forth its rationale for imposing a consecutive sentence.

■ When reviewing courts have found contentions such as the present defendant's to have been waived, those courts typically have gone on to find that the trial courts had in fact articulated sufficient bases for consecutive sentences. (See *Hicks*, 101 Ill. 2d 366, 462 N.E.2d 473; *Pittman*, 93 Ill. 2d 169, 442 N.E.2d 836; *Douglas*, 208 Ill. App. 3d 644, 567 N.E.2d 544; *Woods*, 131 Ill. App. 3d 51, 475 N.E.2d 589; *People v. Paino* (1985), 137 Ill. App. 3d 645, 655, 484 N.E.2d 1106, 1113; *People v. Soloman* (1983), 116 Ill. App. 3d 481, 488, 451 N.E.2d 953, 957-58. But see *People v. Leger* (1991), 208 Ill. App. 3d 333, 567 N.E.2d 68 (sentence consecutive to death sentence); *People v. Pena* (1988), 175 Ill. App. 3d 263, 529 N.E.2d 627 (waiver rule summarily applied).) When finding waiver of a consecutive-sentencing issue in *People v. Anderson* (1991), 211 Ill. App. 3d 140, 569 N.E.2d 1178, the appellate court added that in any event a separate statutory provision specifically authorized the consecutive sentence imposed in that case. 211 Ill. App. 3d at 142-43, 569 N.E.2d at 1181.

■ In the present cause, however, we cannot say that the trial court articulated or that the record discloses a sufficient rationale for a consecutive sentence. Neither does any separate statutory authority for the consecutive sentence exist. We thus decline to apply a waiver rule against defendant.

Accordingly, under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), defendant's three-year sentence is modified to run concurrently with his previous five-year sentence and his subsequent two-year sentence. In all other respects, the judgment of the circuit court is affirmed. This cause is remanded to the circuit court of Cook County for issuance of a corrected mittimus.

Conviction affirmed; sentence modified; and cause remanded with directions.

RIZZI and GREIMAN, JJ., concur.