THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MALCOLM JONES, Defendant-Appellant.

Fourth District No. 4—91—0848

Opinion filed August 13, 1992.

Daniel D. Yuhas and Charles L. Jones, both of State Appellate De-
fender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Following a jury trial in Macon County circuit court case No. 91—CF—459, defendant, Malcolm Jones, was convicted of unlawful delivery of a controlled substance, a Class X felony (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)), and was sentenced to eight years of imprisonment. Defendant appeals, contending the prosecutor improperly commented on his failure to testify and the trial court abused its discretion by imposing consecutive sentences. We affirm the conviction and remand for resentencing.

In a previous case, Macon County case No. 91—CF—8, defendant was found guilty of possession of a controlled substance with intent to deliver (see Ill. Rev. Stat. 1989, ch. 56½, par. 1401), and sentenced to probation. After defendant violated his probation by committing a battery (see Ill. Rev. Stat. 1989, ch. 38, par. 12—3), his probation was revoked, and he was sentenced to three years of imprisonment. The trial court ordered the eight-year sentence here for unlawful delivery of a controlled substance to be served consecutive to the three-year sentence defendant was serving in case No. 91—CF—8.

On August 30, 1990, between 5:30 and 6 p.m., Willie Gartrell, an undercover narcotics investigator with the Illinois State Police, arranged to buy cocaine later that evening from Lorine Gaddy at the Walgreen's Drug Store at Wood and Jasper Streets in Decatur. At 7 p.m. Gartrell met with Gaddy and defendant. After seeing a uniformed police officer inside of Walgreen's, they left the store and walked outside to a corner of the building. According to Gartrell, defendant stated he would handle the transaction, and he agreed to sell an ounce of cocaine to Gartrell for $1,400. Gartrell gave defendant $1,400 and defendant told Gartrell to walk across the street to get the cocaine from an unidentified man. Gartrell walked across the street and received the cocaine. The unidentified man then picked up Gaddy and defendant in a large maroon car, and the three of them drove away. Gartrell met with the surveillance vehicle and turned the package in for identification. The substance was tested and contained 20.3 grams of cocaine.

During August 1990 defendant was living in Decatur with one of his sisters, Michelle Jones, and Michelle's three children. Kathy Jones, another of defendant's sisters, testified that during August 1990 she

routinely took her two children to Michelle's residence and paid defendant to babysit them while she was at work in Springfield. Kathy testified that on August 30 she left her kids at Michelle's residence at 1:30 p.m. and picked them up at midnight. Kathy indicated she could not specifically remember August 30, but she normally left her kids with defendant at Michelle's house. Michelle remembered that defendant babysat Kathy's children on August 30, and that defendant did not leave the house that evening. Michelle testified that it was solely defendant's responsibility to watch Kathy's children, because he was the one that was being paid by Kathy. During this time period defendant's only job was babysitting Kathy's children. Defendant did not pay rent to Michelle, but he did help her with some household expenses.

Defendant's first contention is that he is entitled to a reversal of his conviction and a new trial because of improper remarks made by the prosecutor during closing and rebuttal argument. During closing argument, the prosecutor stated:

"Well, clearly, she [(Kathy)] indicated she doesn't specifically remember the 30th, and also, she indicated that that is just a routine, she wasn't in town. She has nothing that really adds to whether or not the Defendant is present at the scene. So there, there's only one witness who says he wasn't there. Michelle Jones says that her brother was with her."

During rebuttal argument the prosecutor stated:

"Mr. Mattingly [(Defense counsel)] says that there's no corroboration for Agent Gartrell. Well, there's not a heck of a lot of corroboration for Michelle Jones, either."

Defendant did not object to either statement. The closing argument remark referred to the fact that only one witness called by defendant said defendant was not at the scene of the crime, *i.e.*, Michelle. Since defendant did not take the stand to testify, this remark is alleged to be a reference to defendant's failure to testify. The remark in rebuttal argument was in response to the argument of defense counsel that there was no corroboration of the testimony of the State's witness who identified defendant as the perpetrator of the offense. The prosecutor simply referred to the fact that there was likewise no corroboration of the defense's witness who testified defendant was elsewhere at the time of the offense. It is alleged that this remark of the prosecutor also referred to defendant's failure to testify.

■ The State argues this issue is waived. A defendant must make a timely objection at trial and must renew the ground for objection in a written post-trial motion to preserve an error for review.

(*People v. Herrett* (1990), 137 Ill. 2d 195, 209, 561 N.E.2d 1, 7.) The failure to make a timely objection at trial operates as a waiver of the right to raise the issue as a ground for reversal on review. (*Herrett*, 137 Ill. 2d at 209, 561 N.E.2d at 7.) Supreme Court Rule 615(a), however, provides a limited exception to waiver; plain errors affecting substantial rights may be noticed on appeal, though not objected to at trial. (134 Ill. 2d R. 615(a).) Under Rule 615(a) there is no waiver where the evidence in a criminal case is closely balanced or where the error is so fundamental and of such magnitude that the accused was denied a fair trial. *Herrett*, 137 Ill. 2d at 209-10, 561 N.E.2d at 7-8.

■■ The first prong of the plain error rule is not met because the evidence here cannot reasonably be regarded as closely balanced. The record indicates defendant was positively identified by Gartrell, the undercover narcotics agent. Gartrell's identification was in the line of duty and was based on a face-to-face conversation in the light of day. On the other hand, Michelle testified that defendant was at her house when the cocaine was sold to Gartrell. The jury did not find Michelle's testimony credible, undoubtedly because Michelle is defendant's sister, and she relied on defendant for money to help meet her household expenses. Given the fact that defendant was positively identified at the crime scene by an individual with no personal relationship to him, the evidence is not so closely balanced as to overcome waiver.

As to the second prong of the plain error rule, neither can we say that the alleged error was so fundamental as to deny the accused a fair trial. Accordingly we reject defendant's argument on the merits. An accused has a constitutional right not to testify as a witness in his own behalf (*Griffin v. California* (1965), 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229; *Herrett*, 137 Ill. 2d at 210, 561 N.E.2d at 8), and the prosecutor is forbidden to make direct or indirect comment on the exercise of that right. (*Griffin*, 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229; *Herrett*, 137 Ill. 2d at 210-11, 561 N.E.2d at 8; see also Ill. Rev. Stat. 1989, ch. 38, par. 155—1 (prohibiting comment on criminal defendant's failure to testify).) The prosecution may, however, describe the State's evidence as uncontradicted even if defendant is the only one who could have contradicted it, if the comments are not intended or calculated to direct the jury's attention to defendant's failure to testify. (*Herrett*, 137 Ill. 2d at 211, 561 N.E.2d at 8.) A reviewing court must examine the prosecutor's remarks in the context of the entire proceeding, to determine whether the challenged remarks were improper comments on the accused's failure to testify. (*Herrett*, 137 Ill. 2d at 211, 561 N.E.2d at 8.) Here, the prosecutor's comments only referred to the lack of corroboration for Michelle's claim that

defendant was with her at the time Gartrell purchased the cocaine. The prosecutor is not restricted from commenting on the lack of corroboration for defendant's witnesses, especially where evidence may have been available from witnesses other than defendant. (*Herrett*, 137 Ill. 2d at 211, 561 N.E.2d at 8.) The prosecutor's comments did not necessarily direct the jury's attention to defendant's failure to testify and, hence, were not improper. The prosecutor's statements were not improper so as to constitute reversible error and do not come under any exception to the Rule 615(a) waiver rule.

■ Defendant also contends that the trial court abused its discretion by imposing a consecutive sentence. He contends the trial court did not explain why it was imposing consecutive sentences and the record does not show it was necessary to protect the public. In specific types of cases, the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1001—1—1 *et seq.*) mandates that trial courts impose consecutive sentences (*People v. Carter* (1992), 232 Ill. App. 3d 905, 905); in other cases consecutive sentences are permissive (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a)). Where the trial court is authorized but not mandated to impose consecutive sentences, the court has the discretion to impose a consecutive sentence if:

"having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b).)

In sentencing defendant, the trial judge stated:

"I am not going to sentence you to the minimum sentence in this particular case, because this is similar to the offense of which you were convicted of in the early part of 1990. I am going to sentence you to the Department of Corrections for a period of eight (8) years, and this shall be consecutive to the sentence which was imposed in [case No.] 90—CF—8."

■ When a defendant does not request a specific finding, or does not otherwise complain that a basis for the required finding was not articulated, the issue may be deemed waived. (*People v. Hicks* (1984), 101 Ill. 2d 366, 374-75, 462 N.E.2d 473, 476.) Even though a court need not articulate a precise sentencing rationale in the words of section 5—8—4(b) of the Code, it must at least appear from the record *that the court believed* consecutive sentences were necessary to protect the public. (*Hicks*, 101 Ill. 2d at 375, 462 N.E.2d at 477; *People v. Dorosz* (1991), 217 Ill. App. 3d 1016, 1022, 578 N.E.2d 67, 70; *People*

*v. Lowry* (1992), 231 Ill. App. 3d 788, 796.) The mere fact that a trial court imposed consecutive sentences does not in and of itself warrant a conclusion that the court believed consecutive sentences were necessary to protect the public. (*Hicks,* 101 Ill. 2d at 374-75, 462 N.E.2d at 477; *Dorosz,* 217 Ill. App. 3d at 1022, 578 N.E.2d at 70.) Here, the record does not support a conclusion the court believed consecutive sentences were necessary to protect the public, and—because we cannot say the sentencing court believed consecutive sentences were necessary to protect the public—we remand for resentencing. Nothing we say would prevent a consecutive sentence on remand. A different situation was presented in *People v. Anderson* (1991), 211 Ill. App. 3d 140, 142-43, 569 N.E.2d 1178, 1181. In *Anderson* a different subsection (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(i)) mandated, or at least "specifically authorize[d]," consecutive sentences. *Anderson,* 211 Ill. App. 3d at 143, 569 N.E.2d at 1181.

For the reasons stated, we uphold defendant's conviction in the circuit court of Macon County and remand the case for resentencing.

Conviction affirmed and remanded for resentencing.

McCULLOUGH and LUND, JJ., concur.