THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLAUDE SPAN, Defendant-Appellant.

Third District    No. 3—01—0928

Opinion filed February 13, 2003.—Rehearing denied March 28, 2003.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Following this court's remand for resentencing, the defendant, Claude Span, was resentenced to a 20-year term of imprisonment for armed violence. This sentence was ordered to run consecutively to Span's sentences for other crimes. On appeal, Span argues that the trial court failed to make the requisite finding that consecutive sentences were required to protect the public. He also argues that the court erroneously believed that consecutive sentences had to be imposed. For the reasons that follow, we modify defendant's sentence.

Following a jury trial in 1997, Span was found guilty of armed violence and sentenced to 25 years in prison. He was also found guilty of violating the terms of his probation for prior convictions of unlawful use of a credit card and burglary. For those offenses, Span received concurrent sentences of three and five years. Because the trial court determined that the nature of the offenses and Span's character warranted that consecutive sentences be imposed to protect the public, it ordered that the sentence for armed violence be served consecutively to the other two sentences.

In a subsequent appeal, this court held that Span had been sentenced under an unconstitutional version of the armed violence sentencing statute. We remanded the matter to the trial court for resentencing. *People v. Span*, No. 3—00—0837 (2001) (unpublished order under Supreme Court Rule 23). On remand, an updated presentence investigation report (PSI report) was filed and a new sentencing hearing was held. At the hearing, Span addressed the court and apologized to the victim and his family. Span advised the court that while incarcerated he had completed a child parenting program,

obtained his associate's degree and participated in various religious programs. At the conclusion of the hearing, the trial court sentenced Span to a term of 20 years for armed violence and ordered the sentence to run consecutively to the other sentences. The court noted that Span had shown some remorse and rehabilitation and that it had considered the evidence received at the jury trial, the new PSI report and Span's statements at the hearing. Though he did not file a motion to reconsider with the trial court, Span appealed.

Span argues that after the first sentence was vacated, the trial court was required to make a new finding that the public's protection required consecutive sentences. He also argues that the court erroneously believed that the new sentence had to run consecutively to the previously imposed sentences. The State responds that Span waived this issue because he failed to file a posttrial motion challenging the consecutive nature of the new sentence. The State also argues that the court's remarks at the second hearing failed to show that it had abandoned its earlier finding. This court reviews the trial court's decision for abuse of discretion. *People v. Golden*, 323 Ill. App. 3d 892, 753 N.E.2d 475 (2001).

■ Section 5—8—4(b) of the Unified Code of Corrections (Code) states as follows:

> "The court shall not impose a consecutive sentence *** unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record ***." 730 ILCS 5/5—8—4(b) (West 2000).

Although the court is not required to recite the specific language of section 5—8—4(b) when imposing consecutive sentences, the record must show that consecutive sentences were motivated by the court's belief that the public's protection required them. *People v. Dorosz*, 217 Ill. App. 3d 1016, 578 N.E.2d 67 (1991).

■ Based on our review of the record, we hold that the trial court failed to articulate a sufficient rationale for the imposition of consecutive sentences. We acknowledge that the court stated that it had considered the trial record, the updated PSI report, and the new evidence relating to Span's remorse and rehabilitation. However, a general statement that this evidence was considered is inadequate to show that consecutive sentences were motivated by a belief that the public's protection required them. Nor does it show that the nature and circumstances of Span's offenses or his history and character were considered. See *People v. Jones*, 232 Ill. App. 3d 1083, 598 N.E.2d 380 (1992) (stating that the imposition of consecutive sentences does

not automatically warrant a conclusion that the court believed they were necessary to protect the public).

The State argues that the trial court's comments during the second sentencing hearing did not indicate that it had abandoned its earlier finding that consecutive sentences were necessary. We do not agree. In our view, the record of the hearing fails to set forth a clear basis for the court's belief that consecutive sentences were warranted. While the State asserts that Span waived this issue because he did not request a specific finding in the trial court or challenge the imposition of the consecutive sentences, we refuse to apply the waiver rule in this case. See *Dorosz*, 217 Ill. App. 3d at 1023, 578 N.E.2d at 71 (rejecting an argument that defendant waived his right to contest his consecutive sentences because a sufficient rationale for the sentences was not articulated or reflected in the record).

Accordingly, under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), defendant's 20-year sentence for armed violence is modified to run concurrently with his previous 3-year and 5-year sentences. This cause is remanded to the circuit court of Rock Island County to correct the mittimus.

Sentence modified and cause remanded with directions.

SLATER and LYTTON, JJ., concur.